360 So.2d 1144 (1978)
Clara BARTLETT, Appellant,
v.
James P. BENNETT and E. Paul Dietrich, Appellees.
No. 77-1516.
District Court of Appeal of Florida, Second District.
July 21, 1978.
John L. McFadyen of Lloyd & Henniger, St. Petersburg, for appellant.
Christopher C. Ferguson and Robert F. Nunez, St. Petersburg, for appellees.
OTT, Judge.
The appellant filed a complaint against the appellees (attorneys) in malpractice. The complaint alleged that the appellees had negligently failed to file an action for wrongful death of appellant's husband within the period allowed by the applicable statute of limitations.
Appellees filed a Motion to Dismiss, Abate and Strike Complaint and an Answer. *1145 In the final analysis the appellees pleaded that a still pending and active wrongful death action by appellant as personal representative of her deceased husband's estate required abatement of the malpractice action. The wrongful death action was against an entirely different party defendant and his liability insurance carrier. The trial court granted the appellees' motion to abate and entered an order dismissing appellant's "[c]omplaint and cause of action."
Both parties conceded at the hearing on the motion to abate that the statute of limitations had been pleaded by the defendants in the wrongful death action; that the applicable period of limitation for a wrongful death action is 2 years; that the wrongful death action was not filed within 2 years of the date of death; that the trial judge in the wrongful death action had ruled that the 2 year limitation period did not commence to run until the appointment of a personal representative for the estate of the decedent; that this court has denied a petition for writ of certiorari to review the trial judge's ruling on the running of the limitations period but the question is still appealable; and, that the wrongful death action was, therefore, still pending.
We hold that there was not sufficient identity of parties and cause of action in the two suits to support the order of abatement and dismissal of the cause of action for malpractice. 1 Fla.Jur. Abatement and Revival §§ 5, 6, 8 (1955). It is far from clear that the ultimate final judgment in the wrongful death action could be pleaded as a bar to the malpractice action. Horter v. Commercial Bank & Trust Co., 99 Fla. 678, 126 So. 909 (Fla. 1930). This would at least be dependent upon which party the final judgment was entered against and upon what basis such final judgment was entered.
It is certainly true, however, that the outcome of the wrongful death case may have a definite bearing on the malpractice action and may even be arguably determinative, at least as to certain issues therein. Equally true is that if the personal representative had failed to institute the wrongful death action, such failure could very well have clouded her right to file or prosecute the malpractice action.
At the same time the uncertainty of the statute of limitation posture of the malpractice action fully warranted the commencement of the suit.[1]
Under all of the circumstances we conclude that the interests of the parties, together with the orderly and economical conduct of the litigation would best be served by a stay of further proceedings herein (the malpractice action) subject to further developments in the wrongful death action.
Accordingly, we set aside the order of the trial court dismissing the cause of action of the appellant and remand for the entry of a temporary stay order consistent with this opinion.
GRIMES, C.J., and DANAHY, J., concur.
NOTES
[1] On March 20, 1975 appellant was advised by the appellees that the statute of limitations had run in the wrongful death action. The complaint in malpractice was filed on March 11, 1977  within the two year statute of limitations for malpractice set out in § 95.11, Fla. Stat. (1977).