GLICKSTEIN, Judge.
This is an appeal from a non-final order, abating the action filed in the trial court. There are two questions:
1. Is the order appealable?
2. If not, should we consider the matter as a petition for writ of certiorari?
As for the first question, the action brought in the trial court by appellant was to establish a resulting trust in his favor with respect to a parcel of real property in Florida placed in his wife’s name. The trial court’s order observed that a divorce action was pending between the parties in Canada; and it opted for the following:
The second course of action would be to abate this action leaving plaintiff to his remedy in the Canadian courts. If the Canadian court should order that it is without jurisdiction to enter a binding order, that order may then be presented here as a basis to dissolve the stay. That seems the more sensible course to me.
The basis for its order was section 737.203, Florida Statutes (1981), which provides:
Trust proceedings; dismissal of matters relating to foreign trusts. — Over the objection of a party, the court shall not entertain proceedings under s. 737.201 for *1290 a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state where the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.
We fail to see the appealability of such order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) which permits appeal of a non-final order determining the “right to immediate possession of property.”
However, although the order is not the proper subject of appeal, we believe certiorari is appropriate for the following reasons. First, section 737.203 is inapplicable. A resulting trust is not one that is “registered or having its principal place of administration in another state,” but one that is properly determined under the law of the situs. See Quintana v. Ordono, 195 So.2d 577 (Fla. 3d DCA 1967) and, generally, 89 C.J.S. Trusts § 99 (1955). Second, if Florida law properly is determinative of the issue, why would Canadian judges want to assume the responsibility of determining it? Third, we see no need to delegate that responsibility, which we have no way of knowing will be assumed, just because the Canadian courts presently appear to have jurisdiction over a divorce action between the parties. Fourth, appellant is entitled to a determination of his claim to a certainty, which our decision provides. Fifth, Florida expressly confers personal jurisdiction over defendants in matters involving the ownership of property. See section 48.193(1)(c), Florida Statutes (1981), which is an expression of legislative intent for this state to assume judicial responsibility for resolution of a dispute involving that subject matter.
Accordingly, we grant certiorari.
HERSEY, J., concurs.
LETTS, J., dissents without opinion.