558 So.2d 120 (1990)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
Mace E. WHATLEY, Appellee.
No. 89-653.
District Court of Appeal of Florida, Fifth District.
March 8, 1990.
*121 Walter A. Ketcham, Jr. of Taraska, Grower, Unger & Ketcham, Orlando, for appellant.
Gary E. Doane of Hightower and Doane, Orlando, for appellee.
COBB, Judge.
The issue on this appeal is whether factual determinations made during a prior adjudication, establishing the tort liability of an insured, are binding on the insurer in a subsequent adjudication concerning coverage.
Stanley (insured), the operator of a tree removal company, allegedly hired Whatley. A few days later Whatley was injured by part of a falling tree. As a result, Insurance Company of North America (INA/insurer) wrote to Stanley and informed him that coverage would not apply to Whatley's injuries because Whatley was an "employee" and, as such, was excluded from coverage.
Whatley filed suit against Stanley alleging that Stanley had been negligent in regard to Whatley and explicitly referring to himself as "an employee" of Stanley. Count II maintained that Whatley was "an employee" but that Stanley had negligently failed to provide worker's compensation coverage. Stanley's answer denied that Whatley was an employee of Stanley.
Stanley brought a third-party complaint against INA for declaratory relief and breach of contract. INA responded to the third party complaint, specifically denying coverage due to the exclusionary language of the policy. Later, Whatley moved to abate the coverage issue (third-party action), stating that until a judgment was obtained there was no issue that was ripe for determination involving INA. The trial court granted Whatley's motion to abate and delayed the coverage issue until it was "ripe for adjudication."
A jury trial was held and the trial court directed a verdict in favor of Whatley in regard to Stanley's negligence. The only issues left for the jury (aside from determining damages) was whether or not Whatley was an employee, and if so, whether Stanley negligently failed to provide worker's compensation insurance. The jury found that Whatley was not an employee. After trial, Whatley filed a motion to amend the third-party complaint so that he could be added as a party plaintiff against INA. The trial court granted this motion. Subsequent to this, Whatley filed a motion for judgment on the pleadings or for summary judgment claiming that the issue of whether Whatley had been an employee had already been litigated. The trial court granted Whatley's motion and a final judgment was rendered in favor of Whatley and against INA.
INA maintains that the coverage action should not have been determined by facts established during the prior adjudication where INA was excluded from participating as an interested party. We agree.
Generally, an insured's duty to defend is determined by the allegations in a complaint. National Union Fire Insurance Company v. Lenox Liquors, Inc., 358 So.2d 533 *122 (Fla. 1977); Vanguard Insurance Company v. Townsend, 544 So.2d 1153, 1154 (Fla. 5th DCA 1989). Under the instant facts, there was nothing in the complaint filed by Whatley in the original action which would suggest coverage, and consequently, INA had no duty to provide a defense for Stanley. Additionally, the trial court properly abated the coverage issue by severing the third-party complaint. Before a plaintiff can take action directly against a defendant's insurer, the plaintiff must have obtained a judgment against the defendant/insured. Liability should properly be decided prior to the coverage issue and insurers should not be parties to negligence actions. State Farm Fire and Casualty Company v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987); § 627.7262., Fla. Stat. (1987).
As stated by this court in Vanguard, intervention would not have been proper because courts will not permit an intervenor to preempt established trial issues, declaratory judgment actions should not be used to determine fact issues, and intervention is improper where the interests of the insured and insurer are in conflict. INA could not be bound by the factual determinations made during the Whatley-Stanley adjudication. In Southeastern Fidelity Insurance Company v. Rice, 515 So.2d 240 (Fla. 4th DCA 1987), the court held that collateral estoppel is a complete defense to the relitigation of a factual issue and that the determination is binding on an insurance company in subsequent litigation because an insurance company is in privity with its insured. The exception to this "privity" doctrine exists, however, where the interests of the insured and insurer are antagonistic towards each other in an initial tort adjudication. Vanguard; Progressive American Insurance Company v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987).
In the instant case, summary judgment was inappropriate because collateral estoppel cannot be utilized to bind INA to a prior factual determination concerning Whatley's status as an employee. This issue remains a genuine issue of material fact to be decided as it relates to coverage in the third-party complaint. Accordingly, the final judgment of the trial court which granted summary judgment or judgment on the pleadings in favor of Whatley is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
DANIEL, C.J. and W. SHARP, J., concur.