571 So.2d 598 (1990)
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellant,
v.
Nicholas CASTELLANO and Larry Swindal, Appellees.
No. 90-01046.
District Court of Appeal of Florida, Second District.
December 28, 1990.
Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
*599 W.C. Airth, Jr. of Williams & Airth, P.A., Tampa, for appellee Larry Swindal.
THREADGILL, Judge.
Prudential Property and Casualty Insurance Company appeals a final order dismissing its action for declaratory judgment for lack of jurisdiction. We reverse.
Nicholas Castellano was insured by Prudential under a homeowners policy when he shot Larry Swindal. The two had attended a citizen's dispute meeting on the day of the shooting to resolve a conflict over Castellano's wife who used to be married to Swindal. Swindal had been harassing Castellano and threatening him with a shotgun. After the citizen's dispute meeting, Swindal drove his car at high speed through Castellano's driveway. Castellano pursued Swindal with a gun and caught up with him. Still holding his gun with the safety off, Castellano reached inside Swindal's car with both hands, and during the struggle shot Swindal. As a result of this incident, Swindal sued Castellano for damages. Evidence was conflicting as to whether the shooting was self-defense or accidental. Prudential represented Castellano in the suit under a reservation of rights. That lawsuit has been settled by stipulation of the parties.
Prudential filed its complaint in this action for declaratory judgment against Castellano and Swindal asking for a declaration that Castellano expected or intended the shooting so that Prudential had no duty to defend him or to pay any sum he might owe as a result. The homeowners policy contained an exclusion for bodily injury "which is expected or intended by the insured." The trial court dismissed the complaint for lack of jurisdiction, stating that there was no legal issue to be resolved.
Prudential raises two issues on appeal: first, that the trial court erred in dismissing the complaint; second, that the underlying action between Swindal and Castellano should not estop Prudential from litigating identical issues in a suit to determine coverage under the homeowners policy. We agree with Prudential on the first issue and reverse. We expressly decline to rule on the second issue as it was not preserved for review.
The trial court had jurisdiction to determine Prudential's complaint for declaratory judgment. To be entitled to a declaratory judgment a party should show doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege. Bryant v. Gray, 70 So.2d 581 (Fla. 1954). This court has held in Tindall v. Allstate Insurance Company, 472 So.2d 1291 (Fla. 2d DCA 1985) that disagreements concerning coverage under insurance policies are proper subjects for a declaratory judgment.
Questions of fact may be determined in declaratory proceedings if necessary to a construction of legal rights. See Smith v. Milwaukee Insurance Company of Milwaukee, Wisconsin, 197 So.2d 548 (Fla. 4th DCA 1967). Thus, section 86.011(2), Florida Statutes (1989), provides for declaratory judgments on the existence or nonexistence of any fact upon which a right may depend.
The legal issue remaining for determination by the trial court is whether Prudential must afford coverage to Castellano for the shooting of Swindal. To determine the issue, the trial court must first make the factual determination of whether the injury was expected or intended, or was purely accidental. Appellees contend that State Farm Fire and Casualty Company v. Marshall, 554 So.2d 504 (Fla. 1989), which held that an intentional act exclusion excludes coverage for an act of self-defense, resolved the legal question because both Castellano and Swindal maintain that the shooting was accidental. This argument, however, begs the question as to whether the intentional act exclusion excludes coverage for an accidental injury flowing from an intentional act. Thus, the fact finder must determine both whether the shooting occurred in self defense or accidentally, and, if accidental, whether the injury was caused by a negligent or an intentional act. See, for example, Landis v. Allstate Insurance Co., 546 So.2d 1051 (Fla. 1989), which held that "specific intent to commit harm is *600 not required by the intentional acts exclusion. Rather all intentional acts are properly excluded by the express language of the homeowners policy." 546 So.2d at 1053.
Prudential urges this court to consider Castellano's testimony and rule as a matter of law that his actions come within the intended or expected exclusion of the policy. We decline to so rule. Prudential properly raised this issue in its motion for summary judgment, which the trial court had no opportunity to consider. On remand, Prudential may set this motion for hearing.
We therefore reverse the order dismissing the complaint and remand for further proceedings.
SCHEB, A.C.J., and FRANK, J., concur.