CAMPBELL, Judge.
The primary issue for our determination in this appeal is whether appellant, State Farm Mutual Automobile Insurance Company, owed a duty to defend its primary named insured, appellee, David Blaskey. The trial court found in the underlying declaratory judgment action filed by appellant against appellees there was such a duty owed by appellant. We reverse.
This case arose out of an automobile accident in which appellee, Shawn Culver, was driving a 1977 Monte Carlo automobile allegedly owned by Blaskey. The circumstances leading to the accident were that Culver, driving the 1977 Monte Carlo, drove through a blinking red light into the path of a vehicle driven by Michael J. Thomas and occupied by Mary Lou Thomas as a passenger. The Thomases brought a personal injury action against appellees. Appellees never contacted appellant about the accident prior to the filing of the Thom-ases’ complaint. Appellees never furnished the Thomases’ complaint to appellant State Farm although Blaskey later testified by deposition, at which appellant was not present or represented, that he, Blaskey, had “told” appellant about the Thomases’ action. Appellees never responded to the Thomases’ complaint and defaults were entered against them. Appellant subsequently filed its declaratory action below against appellees seeking a determination as to whether appellant owed a duty to appellees to defend them in the Thomases’ action. Appellees also did not respond in the declaratory action below and were defaulted. They did not appear at the bench trial; however, counsel for the Thomases was invited to appear and submit their position on the issues involved and he did so. The Thomases’ counsel also appears in this appeal as amicus.
The duty of an insurer to defend an insured is determined from the allegations of the complaint brought against the insured. Nat’l Union Fire Ins. Co. v. Lenox Liquors, 358 So.2d 533 (Fla.1977); C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122 (Fla. 2d DCA 1974). The Thomases’ complaint against appellees alleged that Culver was driving a 1977 Monte Carlo owned by Bias-key. Appellant’s policy on Blaskey, however, insured a 1975 Monte Carlo, the policy specifying a particular vehicle identification number for the insured automobile. Though requested, appellees never furnished appellant any information concerning the vehicle involved in the accident. The only information appellant had upon which to base its duty to defend and upon which it should have based its duty to defend were the allegations of the Thomas-es’ complaint that the vehicle involved in the accident was a 1977 Monte Carlo, not a 1975 Monte Carlo that was owned by Bias-key.
The facts, other than as alleged in the Thomases’ complaint, show additionally that Blaskey’s grandmother had owned a 1977 Monte Carlo that had been insured by appellant. The grandmother had died prior to the accident and the coverage on that 1977 vehicle was cancelled for nonpayment of premium prior to the accident date. Blaskey never sought to add his grandmother’s vehicle to his policy as a newly acquired vehicle and there is no evidence that the grandmother’s 1977 vehicle was ever titled in or owned by Blaskey.
Appellant, therefore, owed no duty to Blaskey as an insured to defend an action against him. Owing no duty to Blaskey, it also owed no duty to Culver, who was merely the driver of the vehicle.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.