580 So.2d 251 (1991)
INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Petitioner,
v.
L. Gail MARKHAM and Markham, Norton & Co., P.A., Respondents.
No. 91-00255.
District Court of Appeal of Florida, Second District.
May 10, 1991.
*252 Ronald L. Kammer and Jeffrey A. Blaker of Hinshaw & Culbertson, Miami, for petitioner.
Jeanne T. Tate of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for respondents.
PER CURIAM.
International Surplus Lines Insurance Company (ISLIC) has filed a petition for writ of mandamus, or alternatively, a writ of certiorari to review an order that abated its declaratory judgment action against its insured pending the outcome of a liability action between the insured and an alleged injured party. We treat the petition as one for writ of certiorari. See Fla.R.App.P. 9.040(c); Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980); review denied, 397 So.2d 779 (Fla. 1981); cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981); Sachlas v. Sachlas, 440 So.2d 1289 (Fla. 4th DCA 1983). For the reasons stated below, we grant the petition, quash the trial court's order, and remand for further proceedings.
Robin Raeburn filed a complaint against respondent, L. Gail Markham and others seeking recision of an investment contract and damages for the defendants' alleged fraud and misrepresentation in the transaction. Counts V and VI of the complaint pleaded causes of action against Markham, individually, for breach of fiduciary duty and professional negligence.
The following facts are central to all causes of action in the complaint. Markham is a certified public accountant and a partner in Markham, Norton & Company, P.A. (the firm). Raeburn employed Markham to advise her on business and financial matters, including investments. During the course of the professional relationship, Markham became Raeburn's "friend and confidant." Because of this professional and personal relationship, Raeburn relied upon Markham's superior knowledge in financial and investment matters. As such, in 1985 Raeburn sought Markham's advice on how she could protect her interest in a parcel of property on which she held a second mortgage in the amount of $500,000. The first mortgage on the property was in default.
Markham advised Raeburn that she was a member of a real estate development group, Chiquita Development Corporation, which was comprised of "distinguished Lee County citizens" who had successfully developed other properties. Markham introduced Raeburn to the other members of the development group. As a result of the group's solicitation of Raeburn to invest in Chiquita, she purchased 400 shares of the corporation for $500,000.
The complaint further alleges that Markham and the other individuals, who are also defendants in Raeburn's action, made material misrepresentations and failed to disclose material facts about the investment and the corporation. Raeburn has claimed damages in excess of $750,000, which represents the initial $500,000 stock purchase and more than $250,000 in additional capital call contributions, plus interest.
ISLIC is defending Markham in the Raeburn suit pursuant to a reservation of rights proviso in an accountants' professional liability insurance policy that ISLIC issued to Markham's firm.
ISLIC filed a separate declaratory action against the firm seeking to determine its rights under the policy and contending that it had no duty to defend or indemnify Markham in the Raeburn suit because of failure to disclose material information and because of exclusions in the policy. After the firm filed its answer and affirmative defense, ISLIC filed a motion for summary judgment. The motion alleged that ISLIC had no duty to defend or indemnify Markham because the allegations contained in Raeburn's amended complaint fell within two policy exclusions. The firm then filed a motion to abate ISLIC's declaratory judgment action pending the outcome of Raeburn's liability suit, citing Insurance Company of North America v. Whatley, 558 So.2d 120, 122 (Fla. 5th DCA 1990) ("liability *253 should properly be decided prior to the coverage issue").
After a hearing on both motions, the trial court denied ISLIC's motion for summary judgment and granted the firm's motion to abate the declaratory judgment action. ISLIC timely filed the present petition, seeking review only of the abatement.
Generally, abatement of a subsequent action is proper upon a showing that a prior action involving the same parties and the same or substantially similar causes of action is pending in the same court or another court of comparable jurisdiction. See Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988); Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984); Bartlett v. Bennett, 360 So.2d 1144 (Fla. 2d DCA 1978). This standard has not been met in the present case. Although ISLIC and the firm are in privity, their interests are antagonistic in both suits. See Whatley, 558 So.2d at 122.
Nevertheless, the firm argues that abatement of the declaratory judgment action is appropriate because (1) the similarity of several key issues; (2) the risk of inconsistent verdicts; (3) avoidance of multiple or duplicative litigation if the complaint in the Raeburn suit was further amended or facts subsequently developed in that action supported a new theory of liability; and (4) the impropriety of resolving fact issues in a declaratory judgment action. These arguments, however, are without merit.
An insurer's duty to defend an insured is determined from the allegations of the complaint brought against the insured. Nat'l Union Fire Ins. Co. v. Lenox Liquors, 358 So.2d 533 (Fla. 1977); State Farm Mutual Automobile Insurance Co. v. Culver, 576 So.2d 918 (Fla. 2d DCA 1991); C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122 (Fla. 2d DCA 1974), cert. denied, 309 So.2d 6 (Fla. 1975). Only where such complaint alleges facts within the coverage provided in the policy issued to the insured will the insurer be required to defend the action brought against the insured. Nat'l Union Fire Ins. Co., 358 So.2d at 535. If the complaint in the liability suit alleges facts that bring the action within the insurance policy and facts that exempt the insurer from its duty to defend, the insurer will still be required to defend the action, at least until the covered claims are determined. C.A. Fielland, Inc., 297 So.2d at 127. It is irrelevant at this stage of the declaratory judgment action whether Markham will ultimately be held liable in the Raeburn suit or whether there will be issues subsequently developed in that suit which will affect ISLIC's duty to defend. See id. ("[I]f it later becomes apparent that claims not originally within the scope of the pleadings are being made which are within the insurance coverage, the insurance carrier upon notification would then become obligated to defend.").
Thus, the only determination for the trial court to make in the declaratory judgment action is whether, under the professional liability insurance policy, ISLIC is required to defend Markham against the complaint filed by Raeburn. If the factual allegations of the complaint fall within the exclusions of the policy, then ISLIC is not required to defend the Raeburn action. Any doubt as to whether the policy provides a duty to defend should be resolved against ISLIC. New Amsterdam Casualty Co. v. Knowles, 95 So.2d 413 (Fla. 1957). Because this is the only matter to be decided by the trial court at this stage of the proceedings, there is no reason for it to resolve factual issues that may be material in the Raeburn suit, such as whether Markham was giving accounting or investment advice.
The firm's reliance on the quoted language from the Whatley opinion is misplaced in this case. The issue that the fifth district decided in that case was "whether factual determinations made during a prior adjudication, establishing the tort liability of an insured, are binding on the insurer in a subsequent adjudication concerning coverage." There is no indication from the opinion in Whatley that abatement of the determination of the insurer's duty to defend was an issue. Indeed, the opinion *254 states that there was nothing in the complaint which would suggest that the insurer had a duty to defend. Whatley, 558 So.2d at 122. Further, the basis for the language upon which the firm heavily relies is a citation to State Farm Fire and Casualty Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987), in which the court held that it was a departure from the essential requirements of law to consolidate a liability action with a coverage action. In so holding the court cogently noted:
If consolidation orders such as that entered below were upheld, then declaratory judgment actions clarifying the rights of the respective parties would be strongly discouraged. Moreover, the argument that State Farm should extend a defense under a reservation of rights, instead of resolving the coverage issue in a separate declaratory judgment action in advance, ignores the fact that providing a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.
Id. at 1023. This rationale is particularly applicable in this case where the trial court has deferred the determination of the duty to defend issues pending the outcome of the liability suit for which ISLIC contends it has no such duty.
Accordingly, we hold that the trial court departed from the essential requirements of law in abating ISLIC's declaratory judgment action against the firm. Therefore, we grant the petition, quash the trial court's order and remand for further proceedings consistent with this opinion. Upon remand, if the trial court determines that ISLIC has no duty to defend, the issue of whether ISLIC has a duty to indemnify the firm will be moot. On the other hand, if ISLIC has a duty to defend, then any determination as to its duty to indemnify should be deferred until the issue of Markham's liability is decided. See Nat'l Union Fire Ins. Co., 358 So.2d at 535.[1]
HALL, A.C.J., and THREADGILL and PARKER, JJ., concur.
NOTES
[1] We have not overlooked the numerous cases from other jurisdictions cited by counsel for the parties. We have decided the case on Florida law, but believe the result we reach is consistent with the decisions in other jurisdictions. See, e.g., Salus Corp. v. Continental Casualty Co., 478 A.2d 1067 (D.C. 1984) (if allegations of plaintiff's complaint may bring claim within coverage of defendant's policy, then insurer must honor its duty to defend, even if ultimately relieved of any duty to indemnify). Cf. State Farm Fire & Casualty Co. v. Shelton, 176 Ill. App.3d 858, 126 Ill.Dec. 286, 531 N.E.2d 913 (1988), appeal denied, 125 Ill.2d 574, 130 Ill.Dec. 489, 537 N.E.2d 818 (1989) (insurer's duty to defend hinges upon liberal reading of complaint, but where a determination of whether an exclusion from duty to defend would also determine an issue of ultimate fact in the underlying liability action, insurer will be required to defend).