629 So.2d 1053 (1993)
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Petitioner,
v.
George M. RIDENOUR and Kathleen Y. Ridenour, Respondents.
No. 93-03377.
District Court of Appeal of Florida, Second District.
December 29, 1993.
R. Michael De Loach, Law Offices of J.A. Setchel, Tampa, for petitioner.
Harold E. Barker, Harold E. Barker, P.A., and Frank Comparetto, Jr., Frank Comparetto, Jr., P.A., Lakeland, for respondents.
*1054 PER CURIAM.
Indemnity Insurance Co. of North America (Indemnity) seeks a writ of certiorari to review the circuit court's order abating its declaratory action. We grant the petition.
Respondents are defendants in a wrongful death action. Indemnity filed a separate declaratory action to resolve its duty to defend under respondents' homeowner's policy. Indemnity cites a "business pursuits" exclusion in its policy which, if applicable to the circumstances of this case, relieves them of any obligation to provide coverage.[1] The abatement issue appears to have arisen at pretrial conference in the declaratory action. The circuit court abated that action pending the outcome of the wrongful death case. Indemnity argues, and we agree, that the procedural circumstances of this case cannot be distinguished from International Surplus Lines Insurance Co. v. Markham, Norton & Co., P.A., 580 So.2d 251 (Fla. 2d DCA 1991).
The motion to abate in Markham was filed in reliance upon Insurance Co. of North America v. Whatley, 558 So.2d 120, 122 (Fla. 5th DCA 1990), which stated that "liability should properly be decided prior to the coverage issue." This court disagreed, holding that the circuit court should decide the insurer's declaratory action forthwith, looking to the factual allegations of the plaintiff's complaint to determine whether they fell within policy exclusions. In so doing we distinguished between the duty to defend and the duty to indemnify. See particularly 580 So.2d at 254 n. 1.
We believe the circuit court should similarly decide Indemnity's coverage question as expeditiously as possible. Indemnity's position, which hinges on an interpretation of language in the contract between itself and its insured, requires the resolution of facts largely extraneous to those alleged in and necessary to the plaintiffs' case. It is appropriate, since providing a defense where no obligation to do so exists has been recognized as "irreparable injury,"[2] to determine those facts via a declaratory action.[3]
The petition for writ of certiorari is hereby granted, the order abating petitioner's declaratory action is quashed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and CAMPBELL and BLUE, JJ., concur.
NOTES
[1] We express no opinion as to the merits of Indemnity's argument regarding the exclusion.
[2] See, e.g., State Farm Fire & Casualty Co. v. Nail, 516 So.2d 1022, 1023 (Fla. 5th DCA 1987).
[3] We find no support in the record for respondents' claim that Indemnity is voluntarily defending them in the liability action.