632 So.2d 138 (1994)
BRITAMCO UNDERWRITERS, INc., Petitioner,
v.
CENTRAL JERSEY INVESTMENTS, INC., a Florida Corporation for Profit D/B/a Gumtree Billy's Wanda Ellefsen, As Personal Representative of the Estate of George Ellefsen, and On Behalf of Crystal Ellefsen, Deceased, Respondents.
No. 93-2353.
District Court of Appeal of Florida, Fourth District.
February 9, 1994.
*139 Hinda Klein of Conroy, Simberg and Lewis, P.A., Hollywood, for petitioner.
Lawrence Bunin of Lawrence Bunin, P.A., Plantation, for respondent-Central Jersey Investments, Inc.
PARIENTE, Judge.
The issue presented by writ of certiorari is whether an insurer who has a bona fide coverage dispute with its insured is entitled to litigate the coverage issue in a separate declaratory judgment action, while simultaneously defending the insured under a reservation of rights in the underlying liability action. We answer the question in the affirmative under the circumstances of this case where the insurer seeks to determine issues of coverage not dependent on the resolution of fact issues common to the underlying litigation, and accordingly, quash the trial court's abatement of the declaratory judgment action on coverage.
An order of abatement is properly reviewable by writ of certiorari, because there is no adequate remedy for the delay caused by abatement after final judgment. See Rowell v. Smith, 342 So.2d 149 (Fla. 1st DCA 1977). See generally Rodriguez v. Yount, 623 So.2d 618 (Fla. 4th DCA 1993); International Surplus Lines Insurance Company v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991).
The declaratory judgment action by the insurer sought a determination of its duty to defend and indemnify the insured in a wrongful death action arising out of an assault in the insured's bar when an employee of the insured discharged a gun causing the death of one of its patrons. The allegations of the wrongful death complaint against the insured include failure to intervene and negligence by its employee in brandishing a handgun which discharged and caused the death.
Upon receipt of the complaint and a request to defend, the insurer sent its insured a certified letter reserving rights to assert all coverage defenses available, and in particular, claimed exclusions from coverage based on an Assault & Battery Endorsement and a Liquor Liability Exclusion Endorsement contained in the policy. The insurer was preserving its right to raise coverage defenses, while affording its insured a defense, pursuant to the Claims Administration Statute, section 627.426, Florida Statutes (1991).
The insurer instituted the subject declaratory judgment action, joining the insured and the plaintiffs in the wrongful death litigation. In response, the insured moved to dismiss or abate pending resolution of the wrongful death litigation. The insured claimed that the declaratory judgment action in toto was premature and should be deferred until liability was decided in the separately pending wrongful death suit. The insured alleged that the wrongful death suit included allegations of numerous unintentional acts of negligence, which if proven, would be covered under the subject policy. The motion to dismiss or abate was granted.
Certainly, the declaratory judgment complaint states a cause of action. In order to bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration. State Farm Mutual Auto. Ins. Co. v. Wallace, 209 So.2d 719, 721 (Fla. 2d DCA 1968). A declaratory judgment is a proper vehicle for an insurer to determine whether coverage exists for a specific pending claim. State Farm Mutual Auto. Ins. Co. v. Hinestrosa, 614 So.2d 633 (Fla. 4th DCA 1993). See also Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992); Prudential Property & Cas. Ins. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990). The question then is the propriety of abatement of the entire coverage determination in this case.
Abatement is an appropriate remedy where two actions are pending simultaneously involving the same parties and the same or substantially same cause of action. See Thomas v. English, 448 So.2d 623 (Fla. 4th DCA 1984); International Surplus Lines *140 Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991); Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988). Clearly, the insurer is not a party to the underlying wrongful death action and the insurer is not bound by the factual determinations made in the underlying liability lawsuit to which they are not a party, since the interests of the insured and the insurer are antagonistic towards each other in an initial tort adjudication where the issue of coverage is disputed. See Insurance Co. of North America v. Whatley, 558 So.2d 120, 122 (Fla. 5th DCA 1990).
We do not have to reach the issue of whether abatement would be inappropriate even if common factual issues must be determined, because the insurer takes the position that based on its Liquor Liability Exclusion Endorsement, coverage is excluded in this case, even if its insured is found only to be negligent and the actions of its employee unintentional. The insurer's position is that its Liquor Liability Exclusion Endorsement is absolute, and no underlying facts have to be litigated to determine its duty to defend and duty to indemnify as a matter of law. It also contends that its Assault and Battery Exclusion not only excludes intentional conduct, but also excludes negligence on the part of the insured which could have prevented or halted the assault and battery. The insurer contends that neither basis for determining coverage requires the resolution of the issue of whether the insured's conduct was intentional, which it concedes is a fact common to the underlying litigation.[1]
In support of abatement, the insured relies on a recent case from this court, Marr Investments, Inc. v. Greco, 621 So.2d 447 (Fla. 4th DCA 1993) and a second district case, International Surplus Lines Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991).
Marr did not involve a separate declaratory judgment action filed by an insurer. In Marr, the insured filed a third-party complaint for breach of contract and for declaratory relief against the insurer, and thereafter, both parties filed motions for summary judgment. The insurer's summary judgment was granted. The court reversed the summary judgment on the duty to defend, stating that it was error to determine the coverage question as it was premature. Apparently in Marr there were facts that, if established in the insured's favor, would have created coverage. The court did make the statement that "[c]overage should be deferred until liability is decided," citing Markham. Id. at 449.
Marr is distinguishable from the present case. In this case the insurer contends that the issue of coverage is either a question of law or depends on issues of fact which are not the same issues of fact involved in the tort case. In Marr the insurer was making no such contention, and this court merely reversed a summary judgment holding there was no coverage because there were issues of fact.
In Markham the court held that the only determination the trial court should have made initially in the declaratory judgment action was whether under the terms of its professional liability insurance policy the insurer was required to defend the underlying action, noting that if there is no duty to defend, then there is no duty to indemnify. Markham, 580 So.2d at 253. However, the court went on to state in dicta that if there is a duty to defend, then any determination as to the duty to indemnify should be deferred until the issue of the insured's liability is decided.
However, the court in Markham also specifically stated that "abatement of a subsequent action is proper upon a showing that a prior action involving the same parties and the same or substantially similar causes of action is pending in the same court or another court of comparable jurisdiction." Id. at 253. The court noted that the standard for *141 abatement had not been met by the insured, rejecting arguments that abatement was appropriate because of similarity of key issues and the risk of inconsistent verdicts.
We conclude that Markham is distinguishable for the same reason as Marr. In Markham it does not appear that the coverage issue was a question of law or involved different issues of fact from the tort action.
The second district has recently clarified Markham, holding that abatement of the coverage dispute is inappropriate when the resolution of the coverage dispute involves facts "largely extraneous to those alleged in and necessary to the plaintiff's case." Indemnity Insurance Co. of North America v. Ridenour, 629 So.2d 1053 (Fla. 2d DCA 1994). The coverage dispute in Indemnity Insurance Co. involved the applicability of a business pursuits exclusion.
In Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992) (en banc), the fifth district specifically approved of the insurer bringing a declaratory judgment action to resolve disputed factual issues raised by mutually exclusive allegations against its insured. The complaint had alleged alternatively intentional wrongdoing (not covered by the policy) and negligent conduct. While noting that the insurer must provide a defense until the coverage issue is resolved, the court stated that:
If a declaratory judgment action is permitted, then all parties know at an early date their rights and obligations under the policy and are able to deal appropriately with each other.
Id. at 1007, citing Prudential Property & Cas. Ins. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990). The Conde court distinguished Markham, noting that Markham did not involve a case in which a third party sued the insured on alternative, mutually exclusive theories. The Conde court encouraged litigants to join all parties in the coverage case in order to render the decision binding on both the insured and the plaintiff.
In the case before us, the underlying complaint has not alleged mutually exclusive theories as in Conde. On the other hand, the insurer asserts that construction of its Liquor Liability Exclusion does not involve the adjudication of facts common to the wrongful death litigation, distinguishing it from Marr. If there are factual issues in the declaratory judgment action which are not common to the liability action, there is no sound policy reason in this case for requiring the insurer to be precluded from litigating its coverage dispute with its insured, especially when the plaintiff is also a party to the declaratory judgment action as here.
Generally, an insurance carrier should be entitled to an expeditious resolution of coverage where there are no significant, countervailing considerations. A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.
In the past it has generally been recognized as prudent, insurance company practice to have coverage resolved as promptly as possible. In American Fidelity Fire Ins. Co. v. Johnson, 177 So.2d 679, 683 (Fla. 1st DCA 1965), cert. denied, 183 So.2d 835 (Fla. 1966), the court, in criticizing the actions of the insurer, suggested that:
[T]he better part of wisdom should have dictated to American Fidelity the resolution of the question of its liability to the insured under the claimed renewal of the policy by the simple expedient of a declaratory judgment proceeding, at the inception of the litigation.
Insurers almost routinely defend under a reservation of rights, when there is a coverage question, which we encourage. The decision to defend under a reservation of rights, however, should not preclude the insurer from resolving the coverage issue in a separate declaratory judgment action.
*142 Accordingly, we find the trial court's order departed from the essential requirements of law. The petition for writ of certiorari is granted, and the order abating the cause of action is quashed. This cause is remanded to the trial court for further proceedings consistent herewith.
POLEN and KLEIN, JJ., concur.
NOTES
[1] In its declaratory judgment complaint, the insurer has also asserted that the allegations of negligent shooting in the wrongful death complaint are "impertinent, untrue, scandalous and false" and that the employee who shot the decedent already testified in criminal proceedings that the shooting was in self-defense. This would be clear evidence that the shooting was intentional. However, insurer has taken the position that this is an alternative basis to defeat coverage and that the trial court need not conduct a factual inquiry on this point in order to resolve the issue of coverage.