PER CURIAM.
Through this petition for writ of certiorari, Frontier Insurance Company challenges a trial court’s abatement of the declaratory judgment action on coverage. We exercise our certiorari jurisdiction and grant the petition. Britamco Underwriters, Inc. v. Central Jersey Invs., Inc., 632 So.2d 138 (Fla. 4th DCA 1994).
The parties do not dispute that in determining if there is a duty to defend, the trial court is restricted to the allegations of the complaint, regardless of what the defendant and others say actually happened. Marr Invs., Inc. v. Greco, 621 So.2d 447 (Fla. 4th DCA 1993). In its present form, the underlying complaint does not seek damages associated with Respondents’ “providing or failing to provide professional services.” Accordingly, the issue of Petitioner’s insur- *617 anee coverage is not dependent on the resolution of factual issues common to the underlying litigation. Britamco, 632 So.2d at 141.
Accordingly, we find the trial court’s order departed from the essential requirements of law. The petition for writ of certiorari is granted, and the order abating the cause of action is quashed.
STONE, C.J., and GUNTHER and TAYLOR, JJ., concur.