HARRIS, J.,
dissenting.
The issue before us on this Petition for Writ of Mandamus is whether the trial judge can refuse, when considering an action for declaratory judgment, to determine the insurer’s duty to indemnify when such decision is critical to the insurer’s duty to defend. The trial judge stated:
I’m not sure how [language of the policy] fits in there. I, but certainly on the face of it does not exclude coverage, the duty to defend. And it doesn’t — at this point that’s all I would be willing to say, because I don’t think I really need to, I don’t think I really need to say whether [Twin City] is responsible for the judgment. They’d have to take their own, make their own best guess. Then you’d have to consider what’s the appellate court going to say about it.
In effect, the trial judge “stayed” the insurer’s declaratory judgment action on *1161 whether it was responsible for the claim under its policy until after the tort action, thus requiring the insurer to defend even if no coverage existed. In TIG Ins. Co. v. Wagner, 707 So.2d 945 (Fla. 4th DCA 1998), the court held it error for the trial court to abate the insurer’s declaratory action seeking a determination of its duty to indemnify or defend [in that case based on lack of notice rather than lack of coverage] holding that if that issue were resolved in favor of the insurer it would have no duty to defend the tort action.
In International Surplus Lines Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991), the court, in quashing the trial court’s order, quoted our case of State Farm Fire and Casualty Co. v. Nail, 516 So.2d 1022, 1028 (Fla. 5th DCA 1987):
Moreover, the argument that State Farm should extend a defense under a reservation of rights, instead of resolving the coverage issue in a separate declaratory judgment action in advance, ignores the fact that providing a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.
Perhaps the merits of the case are unclear, but Twin City’s right to receive a determination is not. I would treat this petition as a petition for writ of certiorari, grant the petition and require a ruling by the trial judge on Twin City’s duty to indemnify.