PER CURIAM.
Applying State Farm Fire & Cas. Co. v. Higgins, 26 Fla. L. Weekly D111, — So.2d -, 2001 WL 6187 (Fla. 4th DCA January 3, 2001)(en banc), we reverse an order granting the City of South Bay’s motion to dismiss Florida Municipal Insurance Trust’s (“FMIT”) petition for declaratory judgment. The trial court granted the motion to dismiss, finding that a determination regarding FMIT’s “scope of employment” exclusion was a “factual issue” inappropriate for review under the declaratory judgment act.
William Norris, an off-duty South Bay police officer, sued Honorina Rodriguez for injuries resulting from an automobile accident. Norris was driving a city vehicle. Rodriguez filed a counterclaim as a party alleging that Norris was at fault and joining the city. Apparently, the City of South Bay denies that Norris was acting within the scope of employment.
The city is insured, via an indemnity and coverage agreement, by FMIT. The city and Norris requested that FMIT provide a defense and indemnification against Rodriguez’s claims. FMIT declined and filed the petition for declaratory relief seeking a determination as to whether the city and Norris were entitled to be defended and/or indemnified under the agreement because Norris was acting outside the scope of employment when the accident occurred.
FMIT’s petition states that Norris was driving an unmarked police vehicle while off-duty, he was outside the jurisdictional and geographical boundaries of the city, and he was using the vehicle for unauthorized personal and/or non-poliee-related reasons. The petition also states that FMIT is in doubt as to its legal rights under the agreement.
The indemnity agreement provides:
[FMIT] will defend any suit against a member which alleges a claim for money damages covered by this Agreement even if such suit is groundless, false, or fraudulent. However, [FMIT] has no duty to defend a member in any action which on its face alleges facts excluded or not covered by this Agreement.
“Member,” as used herein means:
*482 a. the designated member;[1]
b. while acting within the scope of his employment, any officer (except constitutional officers), volunteer, servant, or employee of the designated member, including elected and appointed officials, and members of Boards or Commissions.
The agreement also contains exclusions providing that it does not apply
to any liability arising in whole, or in part out of
1. any act or omission of a member committed while acting outside the course and scope of his employment, or committed in bad faith with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property;....
The trial court concluded that declaratory relief was not available, citing Smith v. Milwaukee Ins. Co., 197 So.2d 548 (Fla. 4th DCA 1967), Prudential Prop. & Cas. Ins. Co. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990), and New Amsterdam Cas. Co. v. Intercity Supply Corp., 212 So.2d 110 (Fla. 4th DCA 1968), because the scope of employment issue is a fact issue common to the underlying litigation.
The question of whether declaratory relief is available where the issue is a factual one involving the underlying tort action, rather than an issue unique to interpreting the insurance contract, was resolved by this court in Higgins subsequent to the trial court’s ruling.
In Higgins, we concluded, en banc, that a declaratory judgment is available to resolve fact issues concerning coverage and that a trial court may properly allow that issue to be tried in advance of trial of the underlying tort claim. 26 Fla. L. Weekly at D111, — So.2d at -.
As recognized in Higgins, the decision of the trial court is discretionary. Id. Here, the trial court’s judgment was founded on its assumption that it had no such discretion. Therefore, we reverse and remand for further proceedings consistent with this opinion and Higgins. We further certify to the supreme court the same issue certified in Higgins and Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992), and note conflict with Irvine v. Prudential Prop. & Cas. Ins. Co., 630 So.2d 579 (Fla. 3d DCA 1993), and Burns v. Hartford Accident & Indem. Co., 157 So.2d 84 (Fla. 3d DCA 1963).
STONE, SHAHOOD, and HAZOURI, JJ., concur.

. The “designated member” here is the city.