SILBERMAN, Judge.
Home Shopping Network, Inc., and HSN, LP (the petitioners), seek certiorari review of the trial court’s order denying their motion to stay a declaratory judgment action filed by American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (the insurers). Because the petitioners have failed to establish that the denial of their motion to stay constitutes a departure from the essential requirements of law, we deny the petition.
In their declaratory judgment action, the insurers sought to have the trial court *291 determine their duty to defend and to indemnify the petitioners with respect to claims raised against the petitioners in two separately-filed class action lawsuits. The insurers alleged that the class action claims arose prior to the inception of the petitioners’ insurance coverage and that several policy exclusions precluded coverage.
The petitioners sought to stay the declaratory judgment action as to any determination of the insurers’ duty to indemnify. The petitioners argued that (1) if the declaratory judgment action were allowed to proceed while the class actions were pending, a potential existed for inconsistent results; (2) the declaratory judgment action would require the trial court to adjudicate the identical facts and issues that were pending in the class action cases; and (3) the petitioners would suffer prejudice if they had to defend against the declaratory judgment action while also defending against the class actions.
The insurers opposed a stay and argued that (1) an early coverage determination was critical because of the huge potential exposure involved in the class actions; (2) the petitioners had already sued the insurers for bad faith refusal to settle, and the insurers would be forced to evaluate settlement proposals and to possibly settle cases within policy limits without any determination of whether coverage even existed; and (3) the insurers’ defenses against coverage could be established based on exclusions that do not involve disputed issues of fact and the determination of coverage would have no bearing on the factual disputes existing in the class action cases. The trial court denied the motion to stay.
In order to obtain certiorari relief, the petitioners must establish that the trial court’s order departs from the essential requirements of law, that the order will cause material injury to the petitioners throughout the remainder of the proceedings, and that the injury cannot be remedied on plenary appeal after entry of final judgment. Edgar v. Cape Coral Med. Ctr., Inc., 712 So.2d 1209, 1211 (Fla. 2d DCA 1998). After reviewing the arguments and the limited record that is before us, we conclude that the petitioners have not met their burden to show that the trial court departed from the essential requirements of law by denying their motion for stay.
If resolution of the insurer’s duty to indemnify does not require the trial court to determine factual questions that are at issue in the class action lawsuits, then a stay or abatement is a departure from the essential requirements of law. See Indem. Ins. Co. of N. Am. v. Ridenour, 629 So.2d 1053, 1054 (Fla. 2d DCA 1993); TIG Ins. Co. v. Wagner, 707 So.2d 945, 945 (Fla. 4th DCA 1998). Here, at least at this point in the declaratory judgment litigation, it appears that resolution of the indemnity issue does not necessarily involve a determination of facts or issues that are of central concern in the class action lawsuits. Additionally, as noted in Britamco Underwriters, Inc. v. Central Jersey Investments, Inc., 632 So.2d 138, 141 (Fla. 4th DCA 1994),
A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.
*292 We reject without discussion the other arguments raised by the petitioners and, therefore, conclude that the petitioners have not demonstrated that the trial court departed from the essential requirements of law in denying the motion to stay.
Petition denied.
FULMER and CASANUEVA, JJ„ Concur.