SLEET, Judge.
FCCI Commercial Insurance Company (FCCI) seeks a writ of certiorari to review the order staying its declaratory judgment action against its insured pending the resolution of an arbitration action and liability action between the insured and a third party. For the reasons explained below, we grant the petition.
Facts
The underlying arbitration and liability actions arise from James Armour and 4449 Holdings Company’s (collectively Armour) efforts to recover for the allegedly defective construction of a large personal residence in Sarasota. Armour initiated arbitration proceedings against the general contractor, the prior property owner, and the fourteen subcontractors used to complete the residence. After the subcontractors were dismissed from the arbitration proceedings, Armour filed a separate action against them in the circuit court. FCCI insures two of the subcontractors, Windemuller Technical Services, Inc. (Windemuller) and Horizon Construction Services, Inc. (Horizon). FCCI filed a separate declaratory action to resolve its duty to defend and indemnify Horizon and Windemuller under their insurance policies.
The circuit court granted Armour’s motion to stay the declaratory action after a hearing where Armour argued that consideration of the policy provisions regarding FCCI’s duty to defend and indemnify its clients would involve the same factual disputes and issues raised in the arbitration and liability actions in the circuit court. The court stayed both the declaratory judgment and liability actions pending the resolution of the arbitration action.
Analysis
FCCI argues, and we agree, that it will suffer irreparable injury if it is required to provide a defense for Windemul-ler and Horizon when it has no obligation to do so. This court has previously recognized that insurance providers are irreparably harmed when forced to defend their *866 clients prior to a determination of their contractual obligation to do so. See Indent. Ins. Co. of N. Am. v. Ridenour, 629 So.2d 1053, 1054 (Fla. 2d DCA 1993) (explaining that determination of the duty to defend should be done expeditiously “since providing a defense where no obligation to do so exists has been recognized as ‘irreparable injury’ ” (quoting State Farm Fire & Cas. Co. v. Nail, 516 So.2d 1022, 1023 (Fla. 5th DCA 1987))); Int’l Surplus Lines Ins. Co. v. Markham, 580 So.2d 251, 254 (Fla. 2d DCA 1991) (“[P]roviding a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.” (quoting Nail, 516 So.2d at 1023)).
In Higgins v. State Farm Fire & Casualty Co., 894 So.2d 5, 16 (Fla.2004), the supreme court announced several factors “which are of genuine concern in determining whether a declaratory judgment action as to insurance policy indemnity coverage should proceed ahead of the underlying tort actions.” In Progressive Express Insurance Co. v. Reed, 971 So.2d 176, 178 (Fla. 5th DCA 2007), the Fifth District succinctly restated the Higgins factors as follows:
(1) Whether the two actions are mutually exclusive;
(2) Whether proceeding to a decision on the indemnity issue will promote settlement and avoid the problem of collusive actions between the claimant and the insured in order to create coverage where there is none; and
(3) Whether the insured has resources independent of insurance, so that it would be immaterial to the claimant whether the insured’s conduct was covered or not covered by indemnity insurance.
Whether the actions involve common factual questions is not determinative of whether the declaratory action should be stayed pending the resolution of the arbitration and liability actions. See Century Sur. Co. v. de Moraes, 998 So.2d 662, 665 (Fla. 4th DCA 2009) (concluding that the circuit court departed from the essential requirements of law in staying the coverage issues in the declaratory judgment action pending the outcome of the underlying tort action even though the actions involved a common factual question). Because FCCI argues that all of Armour’s claims against its insured are outside the scope of its policy, the claims are mutually exclusive; Windemuller and Horizon are either covered by their FCCI policies or they are not. See Higgins, 894 So.2d at 16 (explaining that in a situation where some claims are covered and some are not, “the indemnity issue and the duty to defend issue are inextricable” (quoting Allstate Ins. Co. v. Conde, 595 So.2d 1005, 1006 (Fla. 5th DCA 1992))); Reed, 971 So.2d at 178 (holding that the claims were mutually exclusive because “[i]f [the insurance company] were to succeed in its declaratory judgment action, it would be relieved of the obligation to defend the tort action”).
According to FCCI, Horizon entered bankruptcy during the pendency of the arbitration and liability actions. Because the FCCI policy is the only means for recovery against insolvent Horizon, the coverage issue will be extremely important both to settlement negotiations and Armour’s decision to continue the pursuit of a judgment against Horizon. See Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc., 632 So.2d 138, 141 (Fla. 4th DCA 1994). Therefore, all of the Higgins factors weigh in favor of allowing the declaratory action to proceed.
It appears that the trial court did not make any determination regarding FCCI’s duty to defend based on the allegations in Armour’s amended complaint. Insurers should be entitled to an expeditious ruling on coverage; a prompt determination of coverage is in the best interests of *867 the insurer, the insured, and the injured party. Higgins, 894 So.2d at 15 (quoting Britamco, 632 So.2d at 141). The order staying the declaratory action pending resolution of the underlying arbitration and liability actions is a departure from the essential requirements of law that causes irreparable harm to FCCI by forcing it to defend its insured without resolution of the coverage dispute. Because we see no justifiable reason to delay resolution of the declaratory action, we grant the writ and quash the order granting the stay. This case is remanded to the circuit court for further proceedings consistent with this opinion.
NORTHCUTT and KHOUZAM, JJ., Concur.