[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10978
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-01066-MSS-TBM

GEICO GENERAL INSURANCE COMPANY,

Plaintiff -
Counter Defendant -
Appellant,

versus

HUSSIEN H. FARAG, et al.,

Defendants -
Counter Claimants,

MONICA R. FARAG,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 26, 2015)

Before MARCUS, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant GEICO General Insurance Co. appeals from the district court's order granting Appellee Monica Farag's motion for summary judgment in a declaratory judgment action stemming from a November 2008 automobile accident between Monica Farag's daughter, Sara Farag, and Elliott Gould.  At the time of the accident, Sara Farag was insured under an automobile insurance policy issued by GEICO to her parents Hussien Farag and Monica Farag, and after the accident, Gould sued the Farags in state court for negligence.  During the course of the state court proceedings, Monica Farag agreed to settle Gould's claims against her (alone), and GEICO agreed to pay the applicable $100,000 per person policy limits to Gould in connection with Monica Farag's acceptance of Gould's proposal for settlement.  Thereafter, Monica Farag was dismissed from the state court action with prejudice, and ultimately, a final judgment was entered in favor of Gould and against Hussien and Sara Farag in the amount of $298,541.08.

In the case before us, GEICO sought a declaration in May 2012 that it did not handle in bad faith the claims submitted by its insureds -- Monica, Sara, and Hussien Farag -- that resulted from Gould's state court proceedings.  In April 2013, Monica Farag moved for summary judgment against GEICO, arguing that her inclusion as a defendant in the declaratory judgment action was improper.  The

2

district court agreed.  On appeal, GEICO argues that the district court erred in granting summary judgment because: (1) Monica Farag was a necessary party to the declaratory judgment action; (2) Monica Farag did not seek, in her motion for summary judgment, judgment as a matter of law on any claim or defense; and (3) if anything, the district court should have treated Monica Farag's motion for summary judgment as a motion to dismiss.  After careful review, we affirm.[1]

We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004).  However, when a district court disposes of a case on justiciability grounds, we treat the district court's determination as if it was ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), even if the district court mistakenly has labeled its ruling a grant of summary judgment.  Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182 (11th Cir. 2007).  We review a district court's justiciability determinations de novo.  Ouachita Watch League v. Jacobs, 463 F.3d 1163, 1169 (11th Cir. 2006).

For starters, we are unpersuaded by GEICO's claim that the district court erred in concluding that Monica Farag was improperly included as a defendant in its declaratory judgment action.  GEICO brought this action pursuant to the

---

[1] The district court's handling of the declaratory relief GEICO requested concerning Sara and Hussien Farag is not involved in this appeal.

Declaratory Judgment Act, which provides that in the "case of [an] actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (2012). An "actual controversy" exists where there is "a substantial continuing controversy between parties having adverse legal interests." Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). Moreover, "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (quotation omitted). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." Id. (quotation omitted).

GEICO says that Monica Farag was joined as a necessary and indispensable party to this declaratory judgment action because she was an insured under the policy implicated in the accident with Gould. In support, it cites to Britamco Underwriters, Inc. v. Cent. Jersey Investments, Inc., 632 So. 2d 138 (Fla. Dist. Ct. App. 1994), which notes that: "If a declaratory judgment action is permitted, then all parties know at an early date their rights and obligations under the policy and are able to deal appropriately with each other." Id. at 141 (quoting Allstate Ins.

4

Co. v. Conde, 595 So. 2d 1005, 1007 (Fla. Dist. Ct. App. 1992)).  GEICO also cites

to Federal Rule of Civil Procedure 19, which provides that:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

GEICO has failed to provide us with any Florida or federal law to directly

answer the question before us.  In Britamco, the Florida court held that an insurer

with a bona fide coverage dispute with its insured was entitled to litigate coverage

issues in a separate declaratory judgment action, while simultaneously defending

the insured under a reservation of rights in the underlying liability action.  638 So.

2d at 141.  It noted, however, that in the declaratory judgment action, the insurer

must only seek to determine issues of coverage not dependent on the resolution of

fact issues common to the underlying litigation.  Id. at 140.  Thus, Britamco simply

gave the policy rationale for an insurer's declaratory judgment action.  It did not,

however, say that all insureds must be included in all declaratory judgment actions,

regardless of the insured's interest in the outcome of the coverage issues in dispute.

Federal Rule of Civil Procedure 19 does not establish this proposition either.

5

Here, GEICO's declaratory judgment action sought to address any bad faith claims the insureds could have brought against it in connection with Gould's state court claims.  In Florida, insurers owe a duty to their insureds to refrain from acting solely on the basis of their own interests in settlement.  State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 58 (Fla. 1995).  So, when the insured has given the insurer control over the handling of the claim, including all decisions pertaining to settlement and litigation, the insurer assumes a duty to make such decisions in good faith and with regard for the interests of the insured.  Boston Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980).  This good-faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid an excess judgment.  Id.  An excess judgment against the insured is typically necessary for a bad-faith insurance claim. Venn v. St. Paul Fire & Marine Ins. Co., 173 B.R. 759, 765 (N.D. Fla. 1994), aff'd, 99 F.3d 1058 (11th Cir. 1996) ("Under Florida law a cause of action for bad faith does not arise until the insured is legally obligated to pay the excess judgment."); Kelly v. Williams, 411 So. 2d 902, 904 (Fla. Dist. Ct. App. 1982) ("[A] cause of action for bad faith arises when the insured is legally obligated to pay a judgment that is in excess of his policy limits.").  However, an exception arises where "the failure of the insurance

6

company to [timely] pay a reasonable settlement exposed the insured to expenses of settlement and defense in excess of the policy amounts." N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So. 2d 1325, 1333 n.4 (Fla. Dist. Ct. App. 1996).

Even accepting that a bad faith claim could arise when an insured has settled with a plaintiff, we do not see how Monica Farag could have had any "real" bad faith claims against GEICO. As we've noted, no excess judgment was ever entered against Monica Farag concerning Gould's state court proceedings because the claim against her was settled within the policy limits and she was dismissed with prejudice from the state court action. Moreover, GEICO has failed to identify any exception to the excess judgment rule that would apply to justify a finding of bad faith against GEICO in the handling of the claim against Monica Farag. Nor has it shown any evidence of additional damages Monica Farag incurred as a result of any delay in settling the claim against her.

For its part, GEICO says that Gould did not release Monica Farag from all claims he could have brought. As the settlement documents read, Gould agreed to settle with Monica Farag the bodily injury claim; the only potential remaining claim contemplated by Gould concerned his motorcycle and any property damage to it. But, Gould's potential claim concerning property damage would have been barred by the statute of limitations as of November 2012 -- four years from the date of the accident. See Fla. Stat. § 95.11(3)(h) (providing that the statute of

limitations on an action for taking, detaining, or injuring personal property in Florida is four years).  There was no indication whatsoever at the time GEICO filed suit for declaratory relief in May 2012 that Gould would pursue any property damage or other claims against Monica Farag, much less that GEICO handled these non-existent claims in bad faith.  Moreover, GEICO has failed to identify any other avenue for Monica Farag to have had any bad faith claim against it.  In other words, the potential for Monica Farag to bring a claim against GEICO for failing to act in good faith was so conjectural, hypothetical, or contingent that the district court did not err in determining that she should not have been joined in the lawsuit.

As GEICO points out, the district court characterized its rejection of the claim for declaratory relief against Monica Farag as a grant of summary judgment pursuant to Fed.R.Civ.P. 56.  Because GEICO failed to bring an "actual controversy" in its declaratory judgment action against Monica Farag, the district court should have instead determined that it lacked jurisdiction over GEICO's claim. U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991) ("The Declaratory Judgment Act's 'actual controversy' requirement is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" (quotation omitted)).  We therefore construe the district court's decision as a dismissal of the

claim for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), and affirm.  Sheely, 505 F.3d at 1182.

**AFFIRMED.**