971 So.2d 176 (2007)
PROGRESSIVE EXPRESS INSURANCE COMPANY, Petitioner,
v.
Joie REED and Gregory Greene, Respondents.
No. 5D07-2045.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
Daniel P. Osterndorf of Latham, Shuker, Eden & Beaudine, LLP, Orlando, for Petitioner.
Joseph J. Mancuso of Joseph J. Mancuso, P.A., Casselberry, for Respondent Gregory Greene.
No Appearance for Respondent Joie Reed.
MONACO, J.
By its petition for common law certiorari, Progressive Express Insurance Company *177 asks us to consider the issue of whether an insurer who has a bona fide coverage dispute with its insured is permitted to litigate the coverage issue in a separate declaratory judgment action, while the underlying tort action is in progress. The trial court at the request of one of the respondents abated the declaratory judgment action pending the conclusion of the underlying tort action. As we have concluded that to do so was a departure from the essential requirements of law that will cause material injury to the insurer that cannot be remedied on plenary appeal, we grant the petition. See Britamco Underwriters, Inc. v. Central Jersey Invs., Inc., 632 So.2d 138 (Fla. 4th DCA 1994).
The facts are relatively simple. Progressive issued a policy for motor vehicle insurance with respect to a motorcycle owned by the respondent, Joie Reed. The policy contained an exclusion for bodily injury to any person "occupying a covered vehicle, other than the driver of the covered vehicle, unless you have paid a premium for Guest Passenger Liability coverage." According to Progressive, this coverage was rejected by Mr. Reed.
Subsequent to the issuance of the policy, Mr. Reed was involved in an accident while operating his motorcycle. The other respondent, Gregory Greene, was a passenger on the motorcycle at the time of the accident, and is alleged to have sustained injuries and damages as a result. Mr. Greene brought suit against Mr. Reed for negligence and specifically alleged in his complaint that he was a passenger on the motorcycle operated by Mr. Reed.
Mr. Reed requested insurance coverage to be provided by Progressive for the claim asserted by Mr. Greene. Progressive responded that it would provide a defense to the suit under a "reservation of rights," based on the exclusion of passenger liability insurance, and indeed Progressive provided counsel for Mr. Reed and is currently defending the suit.
Thereafter, Progressive filed a declaratory judgment action against Mr. Reed seeking a declaration that its policy did not provide coverage for the injuries to Mr. Greene because of the exclusion, and that as a result, Progressive did not have a duty to provide a defense. Mr. Greene was allowed to intervene in the suit, and the usual pleadings were filed by all parties. Among the motions filed by Mr. Greene was a request that the lower court abate the declaratory judgment action until the liability suit was resolved. Although Progressive scheduled a hearing on this issue, the trial court entered an order abating the declaratory judgment action pending resolution of the liability suit without a hearing having been held. Progressive timely sought a writ of certiorari from this court addressed to the abatement order.
We are guided in our analysis of this case by the opinion of the Florida Supreme Court in Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5 (Fla.2004). There, the court held that the Declaratory Judgment Act, Chapter 86, Florida Statutes, supports the conclusion that an insurance company may pursue a declaratory judgment action which requires a determination of the existence or nonexistence of a fact upon which depend its obligations as the insurer under a policy of insurance. Thus, it is clear that Progressive is authorized by the statute to seek a declaratory judgment on the coverage issue. See also, Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992).
More importantly, Higgins suggests that there are a number of factors that should be considered in deciding the timing of a declaratory judgment action vis-a-vis the tort action upon which the insured *178 asserts coverage. Among these factors are:
(1) Whether the two actions are mutually exclusive;
(2) Whether proceeding to a decision on the indemnity issue will promote settlement and avoid the problem of collusive actions between the claimant and the insured in order to create coverage where there is none; and
(3) Whether the insured has resources independent of insurance, so that it would be immaterial to the claimant whether the insured's conduct was covered or not covered by indemnity insurance.
When we consider these factors, it is immediately apparent that the first two militate in favor of allowing the declaratory action to proceed. The actions are indeed mutually exclusive. In the words of the Higgins majority, "Either the claim is covered or it is not." Higgins, 894 So.2d at 16. If Progressive were to succeed in its declaratory judgment action, it would be relieved of the obligation to defend the tort action. As to the second factor, certainly the contestability of the coverage issue may likewise impact settlement. See also, Conde, 595 So.2d at 1009 (Griffin, J. concurring). Higgins aptly noted that, "all parties are in a better position to enter into settlement negotiations when the decision as to coverage has been put to rest." Higgins, 894 So.2d at 17.
While the third Higgins factor is less clear, we note that the high court said in discussing it that "the hardship of delaying the claimant in proceeding to judgment against the insured must be weighed." Higgins, 894 So.2d at 17. Here, however, there is no necessity to delay either suit. There is nothing to suggest that the underlying tort action cannot proceed at the same time as the declaratory action. In fact, no good reason has been brought to our attention for not allowing both cases to run their course without abatement.
We conclude, therefore, that the abatement of the declaratory judgment action is a departure from the essential requirements of law in that it puts Progressive in the illogical and unfair position of having to provide a defense when the coverage issue is still very much an open question. Accordingly, we grant the petition for certiorari and quash the order abating the declaratory judgment action brought by Progressive.
PETITION GRANTED.
GRIFFIN and TORPY, JJ., concur.