998 So.2d 662 (2009)
CENTURY SURETY COMPANY, Petitioner,
v.
Amanda Renata DE MORAES, Steven A. Belson, as personal representative of the Estate of Reinaldo de Moraes, and Donel Enterprises, Inc., d/b/a Miracle Car Wash, Respondents.
No. 4D08-1858.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*663 Rebecca O'Dell Townsend, Lauren S. Curtis and Michael B. Buckley, St. Petersburg, for petitioner.
Darryl B. Kogan of Kogan & DiSalvo, P.A., Boca Raton, for respondents Amanda Renata de Moraes and Steven A. Belson.
PER CURIAM.
Petitioner Century Surety Company (Century) seeks certiorari review of a trial court order which stayed[1] the resolution of insurance coverage issues in a non-jury declaratory judgment action pending resolution of a jury proceeding in the case underlying the coverage issue. We grant the petition and quash the order for reasons which follow.
Reinaldo de Moraes (de Moraes) was killed in August, 2006, while he was working *664 at the Miracle Car Wash in Boca Raton. He was run over by a customer's vehicle driven by co-employee Gildasio Santos. Donel Enterprises, Inc. (Donel) operated the car wash. Petitioner Century had issued a commercial general liability policy to Donel for the time in question. In May, 2007, the Estate of de Moraes filed a wrongful death action against Donel alleging that its negligence in operating the car wash caused or contributed to the death of de Moraes. In an amended complaint, the Estate claimed entitlement to bring suit against Donel because de Moraes and Santos were employed by a company called EMK Credit Sales, Inc. (EMK) and not by Donel. However, in its answer to the complaint, Donel denied that de Moraes and Santos were employed by EMK and claimed that they were either Donel's actual employees or "borrowed servants" of Donel, thus entitling Donel to claim worker's compensation immunity. Thus, the issue of de Moraes' and Santos' employment or non-employment by Donel at the time of the accident is a key issue in the wrongful death action.
This wrongful death case is pending before Palm Beach Circuit Court Judge Jonathan Gerber. Century is defending Donel, subject to a reservation of its rights. Century filed a motion to intervene and stay the tort action in March, 2008. Century also filed a declaratory judgment action in Palm Beach Circuit Court in 2008 alleging that coverage for the underlying tort action was excluded by the policy because at the time of the incident, de Moraes and Santos were employed by Donel and were acting in the course and scope of their employment.
Donel moved to abate and/or stay the declaratory judgment action pending resolution of the underlying death action. It resulted in the order now on review, in which the trial court granted in part Donel's motion to abate and/or stay. The trial court order included presiding Palm Beach Judge Edward Fine's finding that the same question of fact is going to be determined by a jury in the underlying case. Judge Fine said:
The same question of fact is going to be determined by a jury in the underlying case. This case now before the Court is a non-jury action. It is best to allow the jury to determine the common factual question.
. . . .
Therefore the issue of coverage shall be determined either simultaneously with the underlying trial or subsequent to the verdict in the underlying trial. Questions regarding the obligation to defend shall continue unabated.
Certiorari lies to review the trial court's order staying the issues pertaining to insurance coverage pending resolution of them in the tort action. TIG Ins. Co. v. Wagner, 707 So.2d 945 (Fla. 4th DCA 1998); Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc., 632 So.2d 138 (Fla. 4th DCA 1994). See also REWJB Gas Inv. v. Land O'Sun Realty, Ltd., 645 So.2d 1055 (Fla. 4th DCA 1994). The irreparable harm element of certiorari is demonstrated in this case in that the petitioner insurer would have no adequate remedy on appeal from final judgment if the trial court were to have erroneously stayed the issues of coverage in the declaratory judgment proceeding pending the outcome of the tort action. This leaves the question of whether the trial court departed from the essential requirements of law in entering the stay.
Application of Higgins v. State Farm Fire & Casualty Co., 894 So.2d 5 (Fla. 2004), supports finding a departure from the essential requirements of law in this case. In Higgins, a homeowner's insurer brought an action against the insureds and *665 an alleged victim, seeking a declaratory judgment that its policy excluded liability coverage because the underlying tort was assault or battery and not negligence. The Supreme Court of Florida held that the trial court in that case could order that the declaratory judgment on liability coverage would precede the pending tort action. Higgins stated three factors for courts to consider in determining whether a coverage action should be tried before the tort action on which the insured asserts coverage. They were:
(1) whether the two actions are mutually exclusive;
(2) whether proceeding to a decision on the indemnity issue will promote settlement and avoid the problem of collusive actions between the claimant and the insured in order to create coverage where there is none; and
(3) whether the insured has resources independent of insurance, so that it would be immaterial to the claimant whether the insured's conduct was covered or not covered by indemnity insurance.
The actions in these two cases are mutually exclusive, in that either the claim is covered or it is not. Further, a decision on the issues underlying insurance coverage will promote settlement in this case and avoid the problem of collusive actions between the claimant and insured. On the third factor, we do not have any record indication either way. Nonetheless, the first two factors directly support allowing the declaratory judgment action to proceed, and suggest that the trial court abused its discretion in granting stay relief as it did. Further support for this conclusion appears in Progressive Express Insurance Co. v. Reed, 971 So.2d 176 (Fla. 5th DCA 2007)(holding that abatement or stay of declaratory judgment action on insurance coverage issues while underlying tort action was pending was a departure from the essential requirements of law), and Indemnity Insurance Co. v. Ridenour, 629 So.2d 1053 (Fla. 2d DCA 1993)(granting certiorari to quash order abating declaratory judgment action on duty to defend pending outcome of underlying action against insureds).
Therefore, we conclude that the trial court departed from the essential requirements of law in this case in staying the coverage issues in the declaratory judgment action. We grant the petition and quash the trial court's order.
Petition Granted.
STEVENSON, SHAHOOD and MAY, JJ., concur.
NOTES
[1] The motion filed by respondent Donel Enterprises, Inc. sought abatement and/or stay, but we find that the proper designation of the relief sought was stay rather than abatement. Abatement has been utilized to terminate one of two actions pending simultaneously which involve the same parties and the same issues. A stay, by contrast, essentially postpones one proceeding until a contingency occurs. See Dep't of Children & Families v. L.D., 840 So.2d 432 (Fla. 5th DCA 2003).