PER CURIAM.
Arlene Pécora appeals the Broward Circuit Court’s non-final order “abating” her action pending resolution of a parallel receivership proceeding in Miami-Dade County.[1] An order abating or staying an action pending disposition of another action is not a reviewable non-final order. See REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 645 So.2d 1055 (Fla. 4th DCA 1994); Hedin v. Indian River County, 610 So.2d 715 (Fla. 4th DCA 1992). We treat the appeal as a petition for writ of certio-rari and deny the petition in light of the Third District’s per curiam affirmance of the Miami-Dade Circuit Court’s jurisdiction, see Pecora v. Berlin, 23 So.3d 727 (Fla. 3d DCA 2009), and leave undisturbed the “abatement” of the petitioner’s action in Broward County.

Petition denied.

*600 WARNER, LEVINE, JJ., and McCANN, JAMES W., Associate Judge, concur.

. Although the trial court designated its order as an abatement, the order was effectively a stay, as it did not terminate the action. See Century Sur. Co. v. de Moraes, 998 So.2d 662, 663 n. 1 (Fla. 4th DCA 2009) ("Abatement has been utilized to terminate one of two actions pending simultaneously which involve the same parties and the same issues. A stay, by contrast, essentially postpones one proceeding until a contingency occurs.”).