DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOMEOWNERS PROPERTY & CASUALTY INSURANCE COMPANY, INC.,**
Petitioner,

v.

**MARGARET HURCHALLA; JAMES HURCHALLA; LAKE POINT I LLC,** a Florida Limited Liability Company; **LAKE POINT PHASE II, LLC,** a Florida Limited Liability Company; **SOUTH FLORIDA WATER MANAGEMENT DISTRICT,** a Public Corporation of the State of Florida; and **MARTIN COUNTY,** a Political Subdivision of the State of Florida,
Respondents.

No. 4D15-481

[August 12, 2015]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432014CA000054CAAXMX.

Shannon P. McKenna and Hinda Klein of Conroy Simberg, Hollywood, for petitioner.

Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, for respondents Margaret and James Hurchalla.

PER CURIAM.

Petitioner, Homeowners Property & Casualty Insurance Company, Inc. (the insurer), seeks certiorari review of a circuit court order that stayed its declaratory judgment action on insurance coverage pending resolution of an underlying tort action filed against the insured. We grant the petition because the trial court abused its discretion and departed from the essential requirements of law in staying the coverage action.

Respondents Lake Point Phase I, LLC and Lake Point Phase II, LLC (collectively, Lake Point) sued Margaret Hurchalla (Margaret), the South Florida Water Management District (SFWMD) and Martin County, seeking injunctive relief and damages. Lake Point claimed that Margaret intentionally made false statements that caused the other defendants to

void contracts they had with Lake Point. Lake Point sought injunctive relief and economic damages against Margaret.

The insurer provided a defense under a reservation of rights but later withdrew its defense. It then filed a complaint for declaratory judgment, alleging that, based on the homeowner's insurance policy, it is not required to defend or indemnify Margaret in the tort action. The insurer argued that the intentional acts alleged in the tort action are excluded from coverage and that Lake Point has not claimed bodily injury or property damage caused by an "occurrence" that triggers coverage under the homeowner's policy. Margaret has asserted affirmative defenses of waiver, estoppel, laches, and breach of good faith and fair dealing.

After the denial of its motion for summary judgment, the insurer noticed Margaret for deposition. In response, she moved for protective order and to abate the declaratory judgment action pending resolution of the underlying tort action. She argued that litigation of the disputed issues on insurance coverage may prejudice her defense of the tort action. Lake Point is a party in both cases, and she claimed that discovery may force her to disclose defense strategy.

The insurer opposed abatement or stay of the coverage action, arguing that the two actions were mutually exclusive and that expeditious resolution of the coverage action would promote settlement of the tort case. After hearing argument, the trial court granted the motion to abate the coverage action and stayed discovery. The insurer now seeks certiorari review of this order.

Certiorari lies to review orders granting motions for stay or abatement, as courts have recognized that "there is no adequate remedy for the delay caused by abatement after final judgment." *Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc.*, 632 So. 2d 138, 139 (Fla. 4th DCA 1994). This satisfies the irreparable harm element of certiorari, which is a jurisdictional prerequisite for certiorari. *Bared & Co. v. McGuire*, 670 So. 2d 153 (Fla. 4th DCA 1996). The issue remaining is whether the circuit court departed from the essential requirements of law.

Courts often have used the terms "stay" and "abate" interchangeably, but they are not the same. The granting of a stay of one action in favor of another is reviewed for an abuse of discretion, but the propriety of abatement can be determined as a matter of law. "While abatement requires complete identity of parties and causes of action . . . a stay should require substantial similarity of parties and actions." *Sauder v. Rayman*, 800 So. 2d 355, 358 (Fla. 4th DCA 2001) (citing *REWJB Gas Invs. v. Land*

2

*O'Sun Realty, Ltd.*, 645 So. 2d 1055, 1056 (Fla. 4th DCA 1994)).

The circuit court's order in this case is properly characterized as having entered a stay, rather than abatement, as the two actions do not have the same parties and causes of action. In the declaratory judgment action, the insurer is the plaintiff, and is not a party in the tort action. As well, James Hurchalla is a party defendant in the declaratory judgment action but not a party in the tort action. Also, the trial court did not terminate the declaratory judgment action. Instead, it effectively postponed it. *See Pecora v. Signature Gardens, Ltd.*, 25 So. 3d 599, n.1 (Fla. 4th DCA 2009) (*citing Century Sur. Co. v. de Moraes*, 998 So. 2d 662, 663 n.1 (Fla. 4th DCA 2009) ("Abatement has been utilized to terminate one of two actions pending simultaneously which involve the same parties and the same issues. A stay, by contrast, essentially postpones one proceeding until a contingency occurs.")). Thus, the standard of review is whether the circuit court abused its discretion resulting in a departure from the essential requirements of law in staying the declaratory judgment action.

In *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5 (Fla. 2004), the Florida Supreme Court identified factors a court should consider in determining whether to stay a coverage action pending resolution of an underlying tort action. This Court restated these factors in *Century Surety Co. v. de Moraes*, 998 So. 2d 662 (Fla. 4th DCA 2009), as follows:

(1) whether the two actions are mutually exclusive;

(2) whether proceeding to a decision on the indemnity issue will promote settlement and avoid the problem of collusive actions between the claimant and the insured in order to create coverage where there is none; and

(3) whether the insured has resources independent of insurance, so that it would be immaterial to the claimant whether the insured's conduct was covered or not covered by the indemnity insurance.

*Id.* at 665.

The circuit court did not address any of these factors. We agree with the insurer that the factors weigh against a stay. First, the two actions are mutually exclusive. All of Lake Point's claims against Margaret are outside of the scope of the policy. The disputed facts in the coverage action, relating to coverage by estoppel, are separate and distinct from the issues in the tort case. As for the second factor, a determination of

3

whether the insurer has a duty to defend Margaret and indemnify her from Lake Point's claims likely will promote settlement of the tort claim. A decision on coverage also will avoid the potential for collusion between Margaret and Lake Point to create coverage where none exists.[1] The insurer explains that Lake Point could attempt to re-plead its tortious interference claim to omit the allegations of intentional, knowing acts by Margaret causing harm, damage or injury, so as to give rise to potential insurance coverage.

We also agree with the insurer that Margaret has not shown how discovery in the coverage action could prejudice her defense in the tort action. The insurer has agreed that it will not seek attorney-client privileged communications. Any other prejudice can be avoided by allowing Margaret to raise objections to any specific discovery that would reveal her defense strategy.

For these reasons, we conclude that the circuit court departed from the essential requirements of law in staying the coverage action pending resolution of the underlying tort action. We grant the petition and quash the order.

*Petition granted; order quashed.*

CIKLIN, C.J., MAY and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] On the third factor, the insurer concedes that nothing in the record indicates whether Margaret has sufficient resources to pay any potential judgment in the tort action.