DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HENRY ROBINSON,**
Appellant,

v.

**FLORIDA PENINSULA INSURANCE COMPANY,**
Appellee.

No. 4D14-1350

[November 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE13-014338(21).

David S. Farber of The Farber Law Firm, Coral Gables, and Todd L. Wallen of The Wallen Law Firm, P.A., Coral Gables, for appellant.

Thomas A. Valdez of Quintairos, Prieto Wood & Boyer, P.A., Tampa, and Jose Bosch and Elizabeth Levins of Quintairos, Prieto Wood & Boyer, P.A., Miami, for appellee.

PER CURIAM.

Petitioner, Henry Robinson, seeks certiorari review[1] of an order abating his breach of contract and declaratory judgment action against Florida Peninsula Insurance Company ("FPIC"). We find that the trial court departed from the essential requirements of law in granting an abatement under the circumstances of this case. We therefore grant Robinson's petition, quash the abatement order, and remand for further proceedings.

Robinson had a homeowner's insurance policy with FPIC, which provided FPIC an option to repair damaged property rather than make a cash payment. Robinson experienced damage to his home and reported it to FPIC. FPIC determined that the loss was covered, notified Robinson of

---

[1] This case was originally filed as a timely appeal of a non-final order concerning an injunction, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). We have treated the notice of appeal as a petition for writ of certiorari. Fla. R. App. P. 9.030(b)(2)(A).

its intent to exercise its option to repair, and attempted to coordinate repairs through its contractor. Robinson questioned the scope and sufficiency of the contractor's proposed repairs and requested an appraisal. FPIC did not answer Robinson's inquiries and ultimately denied coverage because of Robinson's refusal to allow its contractor to complete the proposed repairs. According to the petition, Robinson subsequently completed most of the repairs at his own expense.

Robinson filed a complaint against FPIC alleging breach of contract for failing to pay for the covered loss. He also sought a declaratory judgment as to whether FPIC properly exercised its option to repair, whether he was required to allow FPIC's contractor to repair his home without agreeing to the proposed repairs, and whether FPIC was entitled to deny coverage when he disputed the scope of the proposed repairs. FPIC did not answer the complaint, but instead filed a motion to abate the action and compel Robinson to comply with its right to repair his property. The trial court granted FPIC's motion, stating: "The action is abated. Plaintiff shall comply with the Defendant's right to exercise its option to repair the Plaintiff's damages."

Certiorari review is appropriate when an order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings below and effectively leaving no adequate remedy on post-judgment appeal. *See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454–55 (Fla. 2012). "An order of abatement is properly reviewable by writ of certiorari, because there is no adequate remedy for the delay caused by abatement after final judgment." *Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc.*, 632 So. 2d 138, 139 (Fla. 4th DCA 1994); *see also Pecora v. Signature Gardens, Ltd.*, 25 So. 3d 599, 599 (Fla. 4th DCA 2009).

We find that the trial court's order in this case departs from the essential requirements of law because it effectively amounts to a dismissal of Robinson's complaint. If Robinson has in fact completed the repairs, the abatement will likely be indefinite, even though FPIC conceded in the trial court that Robinson is entitled to a monetary judgment at least in the amount of its contractor's estimate. *See Arch Roberts & Co. v. Auto-Owners Ins. Co.*, 305 So. 2d 882, 882–84 (Fla. 1st DCA 1974) (affirming summary judgment and finding insurer liable for payment to the insured in the amount of the appraisal for repair where insured prevented insurer from completing repairs). Robinson also may be entitled to dispute the amount of the estimate. *See Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 491–92 (Fla. 5th DCA 2014) (finding that a dispute over the method of a

proposed repair to a home is an "amount of loss" issue rather than a coverage issue).

FPIC insists that Robinson's action is premature and was properly abated because a new contract was created when it exercised its option to repair, and Robinson must allow FPIC to repair his property before he can challenge the sufficiency of the repairs. *See Drew v. Mobile USA Ins. Co.*, 920 So. 2d 832, 835–36 (Fla. 4th DCA 2006). Robinson urges us to find that FPIC did not properly exercise its option to repair in the first place. We decline to address these issues on certiorari review, as they should be litigated in the trial court pursuant to Robinson's action for declaratory judgment.

Under the circumstances of this case, we find that the trial court departed from the essential requirements of law in abating Robinson's action. We therefore grant the petition, quash the abatement order, and remand for further proceedings consistent with this opinion.

*Petition for writ of certiorari granted; order quashed; remanded.*

WARNER, MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3