DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND DIAZ** and **SUREY DIAZ,**
Petitioners,

v.

**FLORIDA PENINSULA INSURANCE COMPANY,**
Respondent.

No. 4D15-3283

[June 1, 2016]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 14-020860 25.

John H. Pelzer of Greenspoon Marder, P.A., Fort Lauderdale, for petitioners.

Diane H. Tutt of Conroy Simberg, Hollywood, and Robert S. Horwitz of Conroy Simberg, West Palm Beach, for respondent.

PER CURIAM.

Petitioners Raymond and Surey Diaz (collectively "Diaz") seek certiorari review[1] of an order abating their action against Florida Peninsula Insurance Company ("FPIC") for breach of contract and declaratory judgment.  We find that the trial court departed from the essential requirements of law in granting an abatement under the circumstances of this case.  We therefore grant Diaz's petition, quash the abatement order, and remand for further proceedings.

Diaz had a homeowner's insurance policy through FPIC, which provided FPIC with a right to repair damaged property rather than make a cash payment.  The Diaz home was damaged as the result of a leak in the air conditioning system, so Diaz filed a claim with FPIC.  FPIC determined

---

[1] This case was originally filed as a timely appeal of a non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).  We have treated the notice of appeal as a petition for writ of certiorari.  Fla. R. App. P. 9.030(b)(2)(A).

that the loss was covered and notified Diaz of its intent to exercise its right to repair. FPIC provided Diaz with its contractor's proposed scope of repairs and requested that Diaz sign a work authorization for FPIC's contractor to commence repairs. Diaz hired a public adjuster, who disputed the scope of repairs proposed by FPIC's contractor. In response, FPIC denied Diaz's claim[2] because Diaz failed to sign its contractor's work authorization.

After FPIC denied the claim, Diaz initiated the underlying action. Diaz's amended complaint alleges that FPIC breached the policy agreement by refusing to repair all of the damage caused by the leak and by ultimately denying Diaz's claim. Diaz also seeks a declaratory judgment as to whether FPIC properly exercised the right to repair clause, and, if so, what the parties' rights and obligations are under that clause. Rather than answering the amended complaint, FPIC filed a motion to abate the action and compel Diaz to comply with its right to repair. The trial court granted FPIC's motion and entered an order abating Diaz's action.

Certiorari jurisdiction lies to review an order of abatement. *See Robinson v. Fla. Peninsula Ins. Co.*, 178 So. 3d 947, 948 (Fla. 4th DCA 2015). "[T]o obtain a writ of certiorari, there must exist '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" *Reeves v. Fleetwood Homes of Fla., Inc.,* 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder,* 826 So. 2d 382, 387 (Fla. 2d DCA 2002)).

In *Robinson*, this Court determined, under similar circumstances, that the trial court's abatement of a homeowner's action against FPIC departed from the essential requirements of the law because it amounted to a dismissal. *Robinson*, 178 So. 3d at 948.

Similar to *Robinson*, the trial court's abatement order in this case departs from the essential requirements of law because it effectively disposes of Diaz's complaint. Abatement under these circumstances completely precludes Diaz from obtaining a determination as to whether FPIC properly exercised the right to repair clause and, if so, what the parties' rights and obligations are under that clause.

Furthermore, with respect to the disputed scope of repairs, a homeowner is entitled to dispute the scope of repairs before the repairs

---

[2] FPIC did reimburse Diaz for the cost of water remediation in the amount of $3,841.79, but denied Diaz's remaining claim for repairs.

2

are completed.  *See Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (holding that dispute over scope of repairs is subject to appraisal because it falls under "amount of loss" rather than "coverage").

Under the circumstances of this case, we conclude that the trial court departed from the essential requirements of law in abating Diaz's action. We therefore grant the petition, quash the abatement order, and remand for further proceedings consistent with this opinion.

*Petition for writ of certiorari granted; order quashed; remanded.*

CIKLIN, C.J., CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***