DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**FIRST CALL 24/7, INC.** a/a/o **MICHELE BAOBERG,**
Appellee.

No. 4D21-1504

[March 9, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE17-018017.

Mark D. Tinker and Mary Lou Cuellar-Stilo of Cole, Scott & Kissane, P.A. Tampa, for appellant.

Earl I. Higgs, Jr. of Higgs Law, P.A., Orlando, for appellee.

GROSS, J.

We reverse an award of damages under a homeowner's insurance policy to the assignee of a homeowner because the homeowner failed to comply with a preferred contractor endorsement in the insurance policy.

### *Facts*

The homeowner suffered water damage to her home. Her insurance policy with appellant People's Trust Insurance Company contained a preferred contractor endorsement. She notified People's Trust of the damage. After an inspection, People's Trust advised the homeowner that (1) coverage existed for her claim, and (2) pursuant to the endorsement, the company elected to use its preferred contractor to complete repairs.

The homeowner used appellee First Call 24/7, Inc., to make the repairs. People's Trust paid $6,800 to First Call for emergency services. People's Trust requested the homeowner to complete a work authorization for the remaining repairs, so that its preferred contractor could commence

restoration services. The homeowner never authorized the work and People's Trust told her that she was in breach of the insurance contract.

First Call submitted an invoice to People's Trust for $19,863.96 for restoration services. People's Trust did not pay the bill, so First Call brought suit as the assignee of the homeowner. Both sides filed motions for summary judgment. The trial court denied the insurer's motion and granted First Call's, entering judgment for $10,988.02.

### *Legal Analysis*

"The election-to-repair endorsement has been an established option for various Florida residential insurance policy forms for several years." *People's Tr. Ins. Co. v. Franco*, 305 So. 3d 579, 582 (Fla. 3d DCA 2020). "Under Florida law, 'when the insurer makes its election to repair, that election is binding upon the insured and *creates a new contract* under which the insurer is bound to [perform repairs] within a reasonable time.'" *Vainberg v. Avatar Prop. & Cas. Ins. Co.*, 321 So. 3d 231, 235 (Fla. 4th DCA 2021) (quoting *Drew v. Mobile USA Ins. Co.*, 920 So. 2d 832, 835 (Fla. 4th DCA 2006)). Once "the option to repair has been invoked, the insured and the insurer would become parties to a separate repair contract wherein the insurer is obligated to perform repairs which will adequately return the insured property to its pre-loss condition." *Id.* (citing *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 739 (Fla. 2002)).

The homeowner reported her loss on May 1, 2017. People's Trust inspected the property on May 4, 2017. On May 25, 2017, within 30 days of the inspection, People's Trust timely notified the homeowner that (1) there was coverage for her reported loss, (2) People's Trust invoked its option to indemnify the homeowner by means of repair, and (3) People's Trust elected to use its preferred contractor to repair the property.

Because People's Trust timely invoked its option to repair, a new repair contract was formed binding the homeowner and obligating People's Trust's preferred contractor to perform the repairs within a reasonable time. *People's Tr. Ins. Co. v. Tosar*, 46 Fla. L. Weekly D2651, 2021 WL 5912737, at *6 (Fla. 3d DCA Dec. 15, 2021).

Once People's Trust exercised its option to repair, the homeowner was bound to execute all work authorizations to allow contractors and related parties entry to the property and to pay the deductible stated in the declaration page of the policy, pursuant to express conditions in the policy. The homeowner failed to execute the work authorization in spite of three

2

requests by People's Trust. Such a failure was a material breach of the policy.

We reject the argument that post-loss duty number 5[1] obligated People's Trust to pay First Call the amount it would have paid its preferred contractor for the repairs. Post-loss duty number 5 applies only when the insured fails to notify the insurer of a loss and this failure to notify disallows the insurer from exercising its right to repair.

We agree with the analysis of post-loss duty number 5 in *People's Trust Insurance Co. v. Tosar.* There, the Third District analyzed that provision and determined that the insureds were not entitled to either hire their "own contractor to effectuate the repairs or to obtain a loss payment" when "People's Trust ha[d] exercised its right-to-repair option." 2021 WL 5912737, at *7.

The *Tosar* court explained that "to obtain money damages for repairs," the insureds "must plead and prove – and the trial court must find – either that People's Trust improperly exercised the right to repair or that the endorsement is otherwise invalid, and that People's Trust breached the insurance contract." *Id.* at *6 (quoting *People's Tr. Ins. Co. v. Santos*, 320 So. 3d 910, 918 (Fla. 3d DCA 2021)); *see also, e.g., Diaz v. Fla. Peninsula Ins. Co.*, 204 So. 3d 460, 462 (Fla. 4th DCA 2016); *Robinson v. Fla. Peninsula Ins. Co.,* 178 So. 3d 947, 948 (Fla. 4th DCA 2015).

Regarding the argument that post-loss duty number 5 entitled First Call to what People's Trust would have paid its preferred contractor for repairs, the *Tosar* court applied canons of contract construction and found that post-loss duty number 5, although "not a model of clarity," "is not ambiguous," and "merely limits People's Trust's liability in the event the insureds fail to provide notice to People's Trust so as to frustrate the insurer's ability to exercise its right-to-repair option." 2021 WL 5912737, at *7. The *Tosar* court further explained:

> Specifically, the provision's limitation on People's Trust's liability applies only when the insureds fail to "notify" People's Trust prior to authorizing or commencing work *"and"* this failure to notify acts to "[dis]*allow*" People's Trust from exercising its right-to-repair option. In this case, because the insureds *did* notify People's Trust of the loss so as to allow People's Trust to exercise its bargained-for right-to-repair

---

[1] This duty is located at SECTION I – CONDITIONS, C. Duties After Loss of the preferred contractor endorsement.

option, and People's Trust *did* exercise its right-to-repair option, this provision is simply inapplicable.

Contrary to the insureds' suggestion, this provision does not authorize an insured, after People's Trust has exercised its right-to-repair option, either to hire its own contractor to effectuate the repairs or to obtain a loss payment. Indeed, such a construction of the provision – viewed in isolation from the policy's other operative provisions – would both (i) upend the insurer's right-to-repair option and (ii) render meaningless the policy endorsement's clear mandate that when People's Trust exercises its right-to-repair option, such repair is in lieu of issuing any loss payment that would otherwise be due under the policy.

*Id.*

Here, like the insureds in *Tosar,* the homeowner timely notified People's Trust of the loss. People's Trust, in both cases, timely exercised its right-to-repair option. Like the insureds in *Tosar,* First Call did not allege in the complaint, or offer evidence in support of its motion for summary judgment, that People's Trust improperly exercised the right to repair or that the endorsement was otherwise invalid. Therefore, the trial court's award of a loss payment for repairs must be reversed. *Id.* at *6.

Here, the homeowner breached the policy by failing to execute the work authorization form and circumventing the explicit terms of the policy by hiring First Call to perform the non-emergency repairs. To allow the loss payment "would both (i) upend the insurer's right-to-repair option and (ii) render meaningless the policy endorsement's clear mandate that when People's Trust exercises its right-to-repair option, such repair is in lieu of issuing any loss payment that would otherwise be due under the policy." *Id.* at *7; *see also People's Tr. Ins. Co. v. Amaro*, 319 So. 3d 747, 753 (Fla. 3d DCA 2021).

We reverse the money judgment in favor of First Call and remand for entry of final judgment in favor of People's Trust. *See Amaro,* 319 So. 3d at 753 (reversing money judgment in favor of the insured and remanding the case for entry of judgment in favor of People's Trust).

*Reversed and remanded.*

CONNER, C.J., and MAY, J., concur.

4

*        *        *

*Not final until disposition of timely filed motion for rehearing.*